```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO.  08-20508-CIV-HUCK
                         MAGISTRATE P. A. WHITE
```

JASON LAMAR COLEMAN,            :

    Plaintiff,                  :

v.                              :          REPORT OF
                                                         MAGISTRATE JUDGE
MARTIN COUNTY STATE ATTORNEY,
et al.,                         :

    Defendants.                 :
_____

     The pro-se plaintiff, Dexter Bowens, filed a civil rights complaint pursuant to 42 U.S.C. §1983,(De#1) The plaintiff alleges that Assistant Public Defender John Hetherington, of Martin County, Florida, violated his constitutional rights by refusing to file a demand for a speedy trial.  The plaintiff seeks monetary damages. The plaintiff is proceeding  in forma pauperis. [DE# 2].

     This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

                         II.  Analysis

   A.  Applicable Law for Screening

     As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

        Sec. 1915 Proceedings in Forma Pauperis

                    \*   \*   \*

        (e)(2) Notwithstanding any filing fee, or

>       any portion thereof, that may have been paid,
>       the court shall dismiss the case at any time
>       if the court determines that –
>
>            *     *     *
>
>       (B) the action or appeal –
>
>            *     *     *
>
>       (i)  is frivolous or malicious;
>
>       (ii) fails to state a claim on which
>       relief may be granted; or
>
>       (iii) seeks monetary relief from a
>       defendant who is immune from such
>       relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985).  Pro se complaints

are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Eleventh Circuit recently confirmed that there is a heightened pleading standard in §1983 actions against entities that can raise qualified immunity as a defense.  Swann v. Southern Health Partners, Inc., 388 F.3d 834, 837 (11 Cir. 2004).  While Fed.R.Civ.P. 8 allows a plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to §1983 cases in an effort to weed out nonmeritorious claims, requiring that a §1983 plaintiff allege with some specificity the facts which make out its claim.  GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11 Cir. 1998);  Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11 Cir. 1992), cert. denied sub nom. Deutcsh v. Oladeinde, 507 U.S. 987 (1993).  Nevertheless, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11 Cir. 1985).

    B.   Factual Allegations

The plaintiff alleges that his constitutional rights were violated when John Hetherington, the Assistant Public Defender refused to file a demand for speedy trial. He states that he filed a pro-se motion, and that it was stricken.

    C.   Analysis of Sufficiency of Complaint

3

Defendant Hetherington is immune from a §1983 suit for damages as public defenders do not generally act under "color of state law". <u>Polk County v Dodson</u>, 454 U.S. 312 (1981). Further, the claim against him is conclusory and fails to state a claim. There may be many valid reasons why his public defender did not file a motion for a speedy trial.

Secondly, Because the plaintiff is a pretrial detainee and his state criminal proceedings are still in progress, this Court is prohibited from interfering therein. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971). Under <u>Younger</u> and its progeny, federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances. <u>See</u> <u>Arkebauer v. Kiley</u>, 985 F.2d 1351, 1357 (7 Cir. 1993). Resolving the plaintiff's Section 1983 claims would significantly interfere with pending state criminal proceedings, and the plaintiff has not alleged that any extraordinary circumstances exist for interfering with his state case.

Furthermore, claims which challenge the constitutionality of the plaintiff's current detention are not cognizable in a civil rights case; a habeas corpus action (following the exhaustion of state remedies) is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement, including pre-trial confinement. <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 488-490 (1973).

Moreover, if a prisoner or detainee brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct

4

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Heck applies to suits filed by pretrial detainees. Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9 Cir. 1996); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5 Cir. 1996).

### III. Conclusion

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 3rd day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Jason Lamar Coleman, Pro Se
      #821240
      Stuart, FL
      Address of Record